# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| VINCENT E. CHARLES, ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil No. 13-01203-CV-W-FJG |
| ) | Crim. No. 09-0188-03-CR-W-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, filed on December 2, 2013). Also pending in the criminal matter is a pro se motion to vacate or in the alternative, request for docket sheet (Doc. No. 848). As an initial matter, the second pro se motion to vacate or request for docket sheet (Doc. No. 848) will be **DENIED AS MOOT**.

On February 18, 2011, following a jury trial, movant was found guilty of Count One of the superseding indictment, conspiracy to distribute five kilograms or more of cocaine and 50 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. On October 5, 2011, movant appeared before the district court for sentencing, and was sentenced to 151 months' imprisonment and five years' supervised release. Movant appealed, arguing the evidence was insufficient to support the conviction, and that the late disclosure of a witness was improper. The Eighth Circuit affirmed the district court. United States v. Dunn, 723 F.3d 919 (8th Cir. 2013). The Eighth Circuit denied rehearing on September 3, 2013.

Movant asserts four grounds of ineffective assistance of counsel: (1) trial and appellate counsel failed to properly argue and appeal movant's actual innocence of involved in a drug conspiracy; (2) counsel failed to advise movant, despite his actual innocence, that the evidence against the other defendants was overwhelming, he had

little chance of prevailing at trial, and counsel failed to negotiate a plea agreement; (3) counsel failed to properly object to and appeal the drug quantity calculation used movant for sentencing purposes, because the drug quantity was unsupported by facts and untrustworthy; and (4) counsel failed to appeal the fact that an evidentiary hearing necessary to resolve the issues raised on appeal, and the ineffective assistance of counsel claims raised in this motion require an evidentiary hearing. See Doc. No. 1.

## STANDARD

To establish a claim for relief based upon ineffective assistance of counsel, movant must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Movant must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## JUDGMENT

The Court has reviewed movant's motion (Doc. No. 1), movant's supporting memorandum (Doc. No. 2), respondent's opposition (Doc. No. 6), movant's reply (Doc. No. 8), and the record in the underlying criminal case, and finds that movant's are without merit for the reasons stated in respondent's opposition. In particular, the Court finds that (1) movant's claim of actual innocence is not distinguishable from the sufficiency-of-the-evidence claim raised on direct appeal, is not a separate constitutional claim that can be raised in a non-capital case, and is refuted by the record; (2) movant

2

cannot demonstrate that he would have entered into a plea agreement because such an agreement was never formally offered, and this court would not have accepted a plea where defendant would not admit to the factual basis for a guilty plea; (3) movant's trial counsel made objections to drug quantity, and appealed related issues, and therefore movant cannot demonstrate error on counsel's part or prejudice resulting from such an alleged error; and (4) movant was not entitled to an evidentiary hearing on appeal, and thus counsel was not ineffective on appeal in failing to seek such an evidentiary

Therefore, movant's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed December 2, 2013, is **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

Date:  August 15, 2014  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge